**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**KRZYSZTOF DOROZ,**

                                        **Plaintiff,**

        **vs.**                                        **6:12-CV-391**
                                                        **(MAD/ATB)**

**TECT UTICA CORP.,**

                                        **Defendant.**
_____

**APPEARANCES:**                        **OF COUNSEL:**

Bosman Law Office                        AJ Bosman, Esq.
6599 Martin Street                        Daniel W. Flynn, Esq.
Rome, New York 13440
*Attorneys for Plaintiff*

Clark Hill PLC                        Stephen D. Turner, Esq.
200 Ottawa Avenue. NW
Suite 500
Grand Rapids, Michigan 49503
*Attorneys for Defendant*

**Mae A. D'Agostino, U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**INTRODUCTION**

        Plaintiff Krzysztof Doroz ("plaintiff") commenced the within action alleging that

defendant discriminated and retaliated against him based upon his national origin in violation of

42 U.S.C. § 1981 and 42 U.S.C. § 2000e ("Title VII").  Presently before the Court is defendant

Tect Utica Corp.'s ("defendant") motion for judgment on the pleadings pursuant to Rule 12( c) of

the Federal Rules of Civil Procedure, or, alternatively, for summary judgment pursuant to Rule

56. (Dkt. No. 8).  Plaintiff opposes the motion. (Dkt. No. 10).

## BACKGROUND[1]

From June 2005 until October 28, 2010, plaintiff was employed by defendant as a "process grinder". Plaintiff is of polish ancestry and received positive performance evaluations. Plaintiff's supervisor was William Brown ("Brown"). On October 28, 2010, Brown removed plaintiff from his regular duties and sought to assign him to duties plaintiff had not performed in the past. Plaintiff claims that Brown, "waved his hand in plaintiff's face and spoke loudly" stating "Krzysztof, are you going to stamp or not?". Plaintiff claims that he responded to Brown that he "would try" but that Brown, "rapidly and firmly" stated, "[i]t's too late . . . You are done . . . go home". Plaintiff was fired "on the spot" and escorted from defendant's premises by police. Plaintiff claims that Brown and other employees of defendant referred to plaintiff, while in plaintiff's presence, as a "polak".

On November 5, 2010, plaintiff filed a charge with the New York State Division of Human Rights ("NYSDHR") claiming that defendant discriminated against him based on his age and national origin.[2] On May 2011, the NYSDHR rejected plaintiff's charge.[3] Plaintiff filed the same charge with the EEOC.[4] On July 8, 2011, the EEOC issued a Dismissal and Notice of Rights "adopt[ing] the findings of the state or local fair employment practices agency that investigated this charge".[5] The Notice provided that any federal lawsuit, "must be filed WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost."

---

[1] The background information is taken from the complaint and exhibits annexed to defendant's motion. These are not findings of fact by the Court.

[2] Plaintiff's charge is not part of the record herein.

[3] The Determination and Order After Investigation is annexed to defendant's motion as Exhibit "A".

[4] Plaintiff's second charge is not part of the record herein. Moreover, the record does not indicate when the charge was filed.

[5] The Notice is annexed to defendant's motion as Exhibit "B".

On October 11, 2011, plaintiff filed a Summons with Notice with the New York State Supreme Court, County of Oneida.   Plaintiff filed a second charge with the NYSDHR and the EEOC alleging retaliation.[6]  On November 1, 2011, the EEOC issued a Dismissal and Notice of Rights adopting the findings of the NYSDHR.[7]

On March 1, 2012, defendant removed this matter to federal court.  On April 9, 2012, plaintiff filed a Complaint.  On April 20, 2012, defendant filed an Answer to the complaint and on July 6, 2012, defendant filed the within motion.

## DISCUSSION

### I.  Standard of Review

Defendant seeks judgment under Rules 12( c) and 56(a).  Defendant argues that if the Court examines documents outside of plaintiff's complaint, the motion should be converted to a motion for summary judgment.

The Rule 12( c) standard for judgment on the pleadings is essentially the same as the standard that courts apply to a motion to dismiss under Rule 12(b)(6). *See Johnson v. Rowley*, 569 F.3d 40, 43–44 (2d Cir. 2009) (quotation omitted).  A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief.  *See Patane v. Clark*, 508 F.3d 106, 111–12 (2d Cir. 2007). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor.  *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however,

---

[6] Plaintiff's second charge is not part of the record herein.  Moreover, the record does not indicate when the charge was filed.

[7] The Notice is annexed to defendant's motion as Exhibit "C".

does not extend to legal conclusions.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citation omitted).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," Fed.R.Civ.P. 8(a)(2), with sufficient facts "to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted).  Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face." *Id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S.Ct. at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief'". *Id*. (quoting *Twombly*, 550 U.S. at 557).  Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed." *Id.* at 570.

In deciding a motion for judgment on the pleadings, a court may consider the factual allegations in the complaint, which are accepted as true, documents attached to the complaint as an exhibit or incorporated by reference, matters of which judicial notice may be taken, or to documents either in plaintiff's possession or of which plaintiff had knowledge and relied on in bringing suit. *Brass v. Am. Film Tech., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).  On this motion, defendant relies upon documents not annexed to plaintiff's complaint.  Plaintiff does not contest the authenticity of these documents but opposes any motion for summary judgment arguing that the parties have not had a reasonable opportunity to conduct discovery.  As discussed above, on a

Rule 12( c) motion for judgment on the pleadings, the Court may consider materials outside the pleadings.  While the NYSDHR decision and EEOC notices were not attached to plaintiff's complaint, plaintiff had notice of the documents and relied upon the documents in bringing this action.  *See Gallagher v. Int'l Broth. of Elec. Workers,* 127 F.Supp.2d 139, 142 -143 (N.D.N.Y. 2000).  Therefore, the documents may properly be considered by the court on a motion for judgment on the pleadings, *see id.* (citing *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47–48 (2d Cir. 1991)), *cert. denied*, 503 U.S. 960 (1992), without converting the motion for judgment on the pleadings into a motion for summary judgment.  *See Sira v. Morton*, 380 F.3d 57, 66–67 (2d Cir. 2004); *see also U.S. ex rel. Phipps v. Comprehensive Cmty. Dev. Corp.*,152 F.Supp.2d 443, 449, n.2 (S.D.N.Y. 2001) (it is not necessary to treat defendant's motion for judgment on the pleadings as a motion for summary judgment in order to consider materials outside the pleadings).

## II.      Failure to State a Claim

Defendant argues that plaintiff's complaint should be dismissed, in its entirety, because it fails to state a claim upon which relief can be granted.

### A.      Discrimination (First and Third Causes of Action)

Defendant argues that plaintiff has failed to assert facts tending to show that plaintiff was terminated because he was Polish.  Rather, defendant contends that plaintiff merely recites unsupported elements of a discrimination claim.

To establish a *prima facie* case of unlawful employment discrimination based on gender under Title VII, a plaintiff must establish that she is a member of a protected class, was qualified for the position she held, was subjected to an adverse employment action, and that the adverse

action occurred under circumstances giving rise to an inference of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

In the complaint, plaintiff alleges:

> On October 28, 2010, Brown, without warning, removed plaintiff from his regular duties and sought to assign him to duties plaintiff had not performed in the past. Brown waved his hand in plaintiff's face and spoke loudly stating "Krzysztof, are you going to stamp or not?" Brown then, *inter alia*, started to count "1, 2, 3". While Plaintiff responded that he would "try to stamp", Brown rapidly and firmly stated, "It's too late . . . You are done . . . go home". Plaintiff was fired on the spot.

> Brown disliked plaintiff because of his ancestry as demonstrated by his disparate treatment of plaintiff and his visible disdain for plaintiff.

> Plaintiff was terminated on the pretext of insubordination. Inexplicably, plaintiff [was] escorted from defendant's premises by police who were summoned solely to embarrass and humiliate plaintiff. Plaintiff was not guilty of insubordination and, in any event, was subjected to excessive punishment as employees outside plaintiff's protected class who were actually insubordinate did not have their employment terminated.

Plaintiff alleges that he is a member of a protected class, that he was qualified for his positions, that he was subjected to an adverse employment action, i.e., termination from his employment, and that his firing raises an inference of discrimination because other employees outside of plaintiff's protected class who engaged in the same alleged conduct were not fired. *See Flores v. Graphtex*, 2008 WL 5378118, at *3 (N.D.N.Y. 2008) (the plaintiff stated that he was Hispanic; was qualified for the work; was terminated; and he claimed that when he was terminated, no one else was terminated). Such allegations state a claim for discrimination under Title VII. *See Hoose v. Monroe Cnty.,* 2012 WL 2450762, at *3 (W.D.N.Y. 2012) ("[a]lthough defendant argues that the plaintiffs have not submitted proof that male employees were treated differently than the plaintiffs, such a claim is inapposite as the defendant has sought dismissal of

these claims based on the pleadings alone").  The Court finds that plaintiff has set forth enough facts to state a plausible case sufficient to withstand this dismissal motion.  Defendant's motion for dismissal of plaintiff's complaint, on this basis, is denied.

**B.**     **Hostile Work Environment**

Defendant argues that to the extent that plaintiff attempts to assert a claim for hostile work environment, that allegation should be dismissed for failure to state a claim.  Plaintiff has not responded to this argument.

To plausibly state a claim for a hostile work environment, a plaintiff must allege discriminatory conduct that is "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Alfano v. Costello*, 294 F.3d 365, 373 (2d Cir. 2002).  "To state a claim for a hostile work environment in violation of Title VII, a plaintiff must plead facts that would tend to show that the complained of conduct: (1) is objectively severe or pervasive—that is, ... creates an environment that a reasonable person would find hostile or abusive; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; and (3) creates such an environment because of the plaintiff's [membership in a protected category.]" *Patane*, 508 F.3d at 113.  Factors to consider in assessing the totality of the circumstances include: (1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is threatening and humiliating, or a mere offensive utterance; and (4) whether it unreasonably interferes with an employee's work performance.  *Id.*

Here, plaintiff alleges:

> Brown disliked plaintiff because of his ancestry as demonstrated by his disparate treatment of plaintiff and his visible disdain for plaintiff.

> Brown's treatment of plaintiff was consistent with the negative disposition exhibited toward plaintiff by other employees who referred to plaintiff, in his presence, as "polak".

*See* Pl. Cmplt at ¶ 6, 8.

Considering the totality of the circumstances, this Court finds that plaintiff's allegations are insufficient to establish a plausible claim for a hostile work environment.  Plaintiff claims that "other employees" referred to him as a "polak" however, plaintiff has not alleged facts demonstrating when the comments were made, the number of times the comments were made, over what period of time, who made the alleged comments or whether they were by an individual with supervisory capacity.  *See Graham v. Elmira City Sch. Dist.*, 2011WL 2837629, at *3 -4 (W.D.N.Y. 2011) (the conduct alleged did not rise to the level of severity or pervasiveness that is necessary to plausibly allege a cause of action for a hostile work environment).  Moreover, there is no indication in the complaint that any of the employees were in a position of authority over the plaintiff or that plaintiff's employer knew or had reason to know that such conduct was occurring. *Id*. (citing *Rosinski v. American Axle & Mfg., Inc.*, 402 F. App'x 535, 537 (2d Cir. 2010)).

Although not stated as a separate count, to the extent that plaintiff seeks to assert a claim for a hostile work environment, plaintiff has not plead sufficient facts to suggest that he was subjected to conduct sufficiently severe and pervasive to constitute a hostile work environment. *Goodman v. Port Auth. of New York and New Jersey,* 850 F.Supp.2d 363, 375 (S.D.N.Y. 2012) Although allegedly discriminatory remarks may, in some cases, be so pervasive as to support a claim of discrimination based on a theory that they create a hostile work environment, the allegations in the complaint are insufficient to support such a claim.  Accordingly, defendant's motion to dismiss this claim is granted.  However, plaintiff is granted leave to amend his complaint if he intends to assert hostile work environment as an independent basis for relief.  *See Grosso v. Queens Coll.,* 2004 WL 583767, at *6 (S.D.N.Y. 2004).

### C.      Retaliation Claims (Second and Fourth Cause of Action)

8

Plaintiff claims that he was subjected to retaliation because defendant refused his request for reinstatement, "because of his ancestry and/or charge of discrimination filed with the NYSDHR". (Dkt. No. 3, ¶ 9). Defendant argues that plaintiff has failed to adequately plead the first and third elements of a claim retaliation.

To make out a *prima facie* case of retaliation under Title VII, a plaintiff must adduce evidence sufficient to permit a rational trier of fact to find " '(1) that [s]he engaged in protected participation or opposition under Title VII . . . , (2) that the employer was aware of this activity, (3) that the employer took adverse action against the plaintiff, and (4) that a causal connection exists between the protected activity and the adverse action, i.e., that a retaliatory motive played a part in the adverse employment action.'" *See Kessler v. Westchester Cnty. Dep't of Soc. Servs.*, 461 F.3d 199, 205–06 (2d Cir. 2006) (quotation and other citations omitted).

Plaintiff claims that he filed a complaint with the NYSDHR alleging that the defendant discriminated against him and retaliated against him on the basis of his ancestry. Plaintiff further asserts that he was denied reinstatement because he filed the aforementioned charge. Plaintiff's filing of complaint(s) with the NYSDHR constituted opposition to an employment practice for purposes of a retaliation claim. *See Shamilov v. Human Res. Admin.*, 2001 WL 6085550, at *8 -9 (S.D.N.Y. 2011) (citing *Jackson v. NYS Dep't of Labor*, 709 F.Supp.2d 218, 228 (S.D.N.Y. 2010)). Thus, for the purposes of this motion, plaintiff has adequately alleged the first element of retaliation.

With respect to the third element and what constitutes an "adverse employment action" in the context of retaliation, courts in this Circuit have identified "termination, failure to promote, denial of transfer, or a refusal to rehire as examples of discriminatory employment acts." *McFarlane v. Chao*, 2007 WL 1017604, at *23 (S.D.N.Y. 2007) (internal quotations omitted); *see*

9

*also Weissman v. Dawn Joy Fashions, Inc*., 214 F.3d 224, 234 (2d Cir. 2000) (holding that a claim of refusal to rehire an individual following protected conduct may be a basis for a retaliation claim).

The complaint is not a wealth of information.  However, for the purposes of this motion, the Court must construe the complaint in favor of the plaintiff,   Although plaintiff does not identify whether defendant was aware of plaintiff's protected activity nor does not he allege a causal connection between the protected activity and the alleged adverse employment action, plaintiff's complaint provides defendant with fair notice of his retaliation claim.  *See Jordan v. Potter*, 2007 WL 952070, at *7 -8  (E.D.N.Y. 2007).  The merits of plaintiff's retaliation claim is more appropriately resolved on a motion for summary judgment.  Therefore, defendant's motion to dismiss plaintiff's retaliation claim, for failure to state a claim, is denied.

## III.    Untimely Action

In the alternative, defendant argues that the First Cause of Action must be dismissed as untimely as plaintiff filed the complaint 92 days after he received the EEOC right to sue letter. Plaintiff claims that pursuant to Fed. R. Civ. P. 6(a)(3)(A), the final day for filing was October 11, 2011.[8]

Under Title VII, a claim must be filed in federal court within 90 days of the plaintiff's receipt of a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). *Johnson v. St. Barnabas Nursing Home,* 368 F. App'x 246, 248 (2d Cir. 2010) (citing 42 U.S.C. § 2000e-5(f)(1)).  It is presumed that a plaintiff received his or her right to sue letter three days after its mailing.  *Id*. (citation omitted).   Here, it is assumed that plaintiff received the July 8, 2011 right-to-sue letter on July 11, 2011, requiring him to file his complaint on or before October 9,

---

[8] Defendant did not address this statute or respond to plaintiff's opposition in the Reply Memorandum.

2011.  Defendant asserts that because plaintiff did not file his summons with notice until October

11, 2011, the complaint is two days late and thus, the first cause of action is untimely.

>Fed. R. Civ. P. 6(a)(3)(A) provides:

>>Inaccessibility of the Clerk's Office. Unless the court orders otherwise,
>>if the clerk's office is inaccessible:

>>(A) on the last day for filing under Rule 6(a)(1), then the time for
>>filing is extended to the first accessible day that is not a Saturday,
>>Sunday, or legal holiday.

Applying the statutory ninety-day time limit for filing suit, plaintiff's deadline to file this

lawsuit expired on Sunday, October 9, 2011.  When a deadline falls on a Sunday, the period

continues to run until the next business day.  In this case, the next business day, Monday, October

10, 2011 was Columbus day, a federal holiday.  Thus, plaintiff's deadline for filing was Tuesday,

October 11, 2011.  *See Denetclaw v. Total Longterm Care,* 2012 WL 3938896, at *2 (D.Colo.

2012) (extending time for filing to first accessible day that is not a Saturday, Sunday, or legal

holiday).  Defendant's motion for judgment on the pleadings and dismissal, on this basis, is

denied.

## IV.      Failure to Exhaust Administrative Remedies

Defendant argues that plaintiff's Second Cause of Action should be dismissed because the

complaint was filed three weeks before the EEOC issued the second right to sue letter which is

dated November 2, 2011.[9]  Defendant's argument lacks merit.  Under New York law, a claim may

be commenced in state court with the filling of a Summons with Notice. N.Y. C.P.L.R. 304(a).

On October 11, 2011, plaintiff filed a Summons with Notice.  The second EEOC right to sue

letter is dated November 2, 2011. On March 3, 2012, defendant removed this matter to federal

---

[9] Defendant did not respond to plaintiff's argument presented in his opposition memorandum.

11

court and on April 9, 2012, plaintiff filed a complaint in this action.  Accordingly, plaintiff's

second cause of action is timely.

**V.      Failure to Plead Exhaustion**

Defendant argues that plaintiff failed to plead facts sufficient to demonstrate that he

exhausted his administrative remedies and thus, plaintiff's First and Second Causes of Action

must be dismissed.  Plaintiff claims that defendant is estopped from raising this claim because

defendant is in possession of and annexed the right to sue letters to this motion.

In the complaint, plaintiff alleges:

> Plaintiff was also subjected to retaliation in that several employees
> who were fired for insubordination and/or other misconduct were
> reinstated.  In this case, Defendant refused Plaintiff's request for
> reinstatement because of his ancestry and/or charge of discrimination
> filed with the New York State Division of Human Rights.

*See* Pl. Cmplt. at ¶9.

Plaintiff has failed to sufficiently plead that he exhausted his administrative remedies.  *See*

*Holder v. Virgin Islands Water & Power Auth.*, 2001 WL 1112190, at *1 (D.Vi. 2001) ("[t]aking

the allegations contained in the complaint as true, and drawing all reasonable inferences in favor of

the plaintiff, the complaint fails to state a claim for a violation of Title VII since he does not allege

that he either received a right-to-sue letter from the EEOC or requested a right to sue letter which

the EEOC refused or failed to give him").  The complaint does not contain the dates, nature, scope

or details of the charges filed with the NYSDHR and EEOC and only vaguely references that one

charge was filed with the NYSDHR,  However, on this motion, defendant attached the NYSDHR's

Order dated May 5, 2011 and the EEOC Dismissal and Notice of Rights dated July 8, 2011 and

November 2, 2011.  While plaintiff averred in his opposition brief that he filed two charges with

both the NYSDHR and EEOC, the actual complaints/charges filed with the NYSDHR and EEOC

are not part of the record.  Moreover, the date that plaintiff filed the second charge with both the NYSDHR and EEOC are not in the record.

Given the circumstances, the Court will grant defendant's motion to dismiss plaintiff's first and second causes of action without prejudice to plaintiff's amending his complaint to fully plead exhaustion. Should plaintiff fail to properly amend his complaint within the allotted time, the Court will, upon motion by defendant, dismiss these claims with prejudice. *See Lucas v. City of Philadelphia,* 2012 WL 464929, at *4 (E.D.Pa. 2012); *see also Coles v. Deltaville Boatyard, LLC,* 2011 WL 666050, at *3 (E.D.Va. 2011) ("[t]he Court finds that plaintiff can easily remedy the failure to plead the scope of his efforts to exhaust his administrative remedies by simply attaching the EEOC charge and related documents to the pleading").

## CONCLUSION

**It is hereby**

**ORDERED** that defendant's motion for judgment on the pleadings and dismissal of plaintiff's first and second cause of action (Dkt. No. 8) is **GRANTED and the claims are dismissed without prejudice;** it is further

**ORDERED** that plaintiff is granted leave to replead the first and second cause of action within 30 days of the date this Memorandum and Order is filed; and it further

**ORDERED** that defendant's motion is **DENIED** in all other respects.

**IT IS SO ORDERED.**

Dated: January 28, 2013
        Albany, New York

Mae A. D'Agostino
U.S. District Judge